UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------
HUWE BURTON,

                Plaintiff,

-against-

The CITY OF NEW YORK; New York City Police Department ("NYPD") Detective Sergeant FRANK VIGGIANO (Shield No. 2877); NYPD Detective STANLEY SCHIFFMAN (Shield No. 3722); NYPD Detective SEVELIE JONES (Shield No, 1808); NYPD Detective DONALD SCHAPPERT (Shield No. 2841); Detective EUGENE MALONEY (Shield No. 1063); Detective BADE; Bronx County Assistant District Attorney ELISA KOENDERMAN; in their individual and official capacities; and STACEY BLOCKER a/k/a STACEY GREEN,

                Defendants.
--------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/30/2020__

20 Civ. 9025 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      To protect the public health, while promoting the "just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, it is ORDERED pursuant to Rules 30(b)(3) and 30(b)(4) of the Federal Rules of Civil Procedure that all depositions in this action may be taken via telephone, videoconference, or other remote means. It is further ORDERED pursuant to Rule 30(b)(5) that a deposition will be deemed to have taken place "before an officer appointed or designated under Rule 28" if such officer attends the deposition using the same remote means used to connect all other participants, so long as all participants (including the officer) can clearly hear and be heard by all other participants. The parties are encouraged to engage in discovery through remote means at every available opportunity.

      SO ORDERED.

Dated: October 30, 2020
       New York, New York

                                                ANALISA TORRES
                                   United States District Judge