# BELDOCK LEVINE & HOFFMAN LLP
## 99 PARK AVENUE, PH/26TH FLOOR
### NEW YORK, N.Y. 10016

CYNTHIA ROLLINGS
JONATHAN MOORE
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MARC A. CANNAN
DAVID B. RANKIN
LUNA DROUBI
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
KAREN L. DIPPOLD
JEFFREY A. GREENBERG
MARJORY D. FIELDS
EMILY JANE GOODMAN
   (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

REF:

December 29, 2020

WRITER'S DIRECT DIAL:

**VIA ECF**
Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Huwe Burton v. City of New York*, 20 Civ. 9025 (AT)(RWL)

Your Honor:

My firm represents Plaintiff Huwe Burton, who has brought this civil rights action seeking vindication and damages for the unlawful actions that caused him to be falsely accused of the murder of his own mother and wrongfully imprisoned for almost 20 years. His exoneration was the result of an extensive joint investigation by the Innocence Project and Bronx County District Attorney's Office Conviction Integrity Unit.

I write to advise the Court that Plaintiff and Defendant City of New York would like to attempt an early settlement of this matter and respectfully request that the case be referred to the assigned Magistrate Judge, the Honorable Robert W. Lehrburger for a settlement conference. Preparation for the proposed settlement conference will require the City to review thousands of pages of documents being produced by Plaintiff from both the original criminal case and the Innocence Project's and Bronx County District Attorney's Office's reinvestigation of that case. Plaintiff and the City of New York, therefore, propose holding the requested settlement conference on April 13, 2021, or a subsequent date convenient to the Court.

Should the Court grant the request for an early settlement conference, the City respectfully requests that the time to respond to Plaintiff's complaint be stayed until sixty (60) days after the completion of the settlement conference. Plaintiff consents to the City's request. Presently, only the City and Stacey Blocker have been served with the complaint and neither have responded. The City has agreed that the remaining Police Officer and District Attorney defendants, should they agree to be represented by the New York City Law Department, may be served at One Police Plaza. Plaintiff understands from the City that efforts to locate those

BELDOCK LEVINE & HOFFMAN LLP

Hon. Analisa Torres
December 29, 2020
Page 2

Defendants and determine if they wish to be represented by the Law Department – a task made difficult by the passage of time from when the events underlying Plaintiff's claim took place – are ongoing.

If the request for a settlement conference is granted, Plaintiff and Defendant City of New York further respectfully request that the pretrial telephonic conference currently scheduled for January 5, 2021, at 10:20 a.m. [Docket No. 8], be adjourned *sine die* until after the conference is completed.

Finally, Plaintiff and the City of New York advise the Court pursuant to its October 30, 2020 Order [Docket No. 6] that these parties do not consent to conducting all further proceedings before the assigned Magistrate Judge.

Plaintiff and the City of New York thank the Court for its attention to this matter.

Respectfully submitted,

Jonathan C. Moore

Cc:   Suzanne Funez, Esq., Attorney for Defendant City of New York (Via ECF)