UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

HUWE BURTON,

                             Plaintiff,

   -against-

The CITY OF NEW YORK; New York City Police Department ("NYPD") Detective Sergeant FRANK VIGGIANO (Shield No. 2877); NYPD Detective STANLEY SCHIFFMAN (Shield No. 3722); NYPD Detective SEVELIE JONES (Shield No, 1808); NYPD Detective DONALD SCHAPPERT (Shield No. 2841); Detective EUGENE MALONEY (Shield No. 1063); Detective BADE; Bronx County Assistant District Attorney ELISA KOENDERMAN in their individual and official capacities; and STACEY BLOCKER a/k/a STACEY GREEN,

                            Defendants.

------------------------------------------------------------------ X

**DECLARATION OF MARC ARENA IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT STACEY BLOCKER a/k/a STACEY GREEN**

20-cv-9025 (AT) (RWL)

     I, MARC ARENA, an attorney duly licensed to practice law in this Court, pursuant to 28 U.S.C. § 1746, do hereby declare under penalties of perjury:

     1.    I am an attorney at Beldock Levine & Hoffman, LLP, 99 Park Avenue, PH/26th Floor, New York, NY 10016, and one of the attorneys for Plaintiff Huwe Burton in the above-referenced action. I submit this declaration based on personal knowledge, in support of the Plaintiff's application pursuant to Fed. R. Civ. P. 55(b)(2) for default judgment against Defendant Stacey Blocker a/k/a Stacey Green.

**PRELIMINARY STATEMENT**

     2.    Plaintiff Huwe Burton brought this action pursuant to 42 U.S.C. § 1983 to recover damages for violations of his civil rights by New York City Police Department ("NYPD") Police

Officers, former Bronx County Assistant District Attorney Elise Koenderman, and Stacey Blocker a/k/a Stacey Green ("Stacey Green"), who unlawfully caused Plaintiff to be falsely arrested, maliciously prosecuted, and wrongly convicted and imprisoned for nearly twenty (20) years for the murder of his own mother. Having settled with the City of New York and law enforcement defendants, Mr. Burton now seeks default judgment against Ms. Green.

3. Mr. Burton contends that Emanuel Green (who is deceased), with the aid, assistance and/or with Stacey Green, murdered his mother and share responsibility for his false arrest and wrongful conviction. At the time of the murder, the Greens had been renting an apartment from the Burton family in the Bronx, New York. Unbeknownst to the Burton family, Emanuel Green had a violent criminal history and dangerous tendencies related to psychiatric conditions. The Burtons also did not know that the Greens had financial problems and had been evicted by their prior landlord, whom they had allegedly assaulted.

4. After Ms. Burton's murder was discovered, Emanuel and Stacey Green falsely told police officers that they had been at their respective jobs all day and had no useful information. Their false alibis fell apart, however, when Emanuel Green was arrested driving Ms. Burton's stolen car in Mount Vernon, New York one week after the murder. By that time, however, detectives had coerced sixteen-year-old Huwe Burton into confessing to his mother's murder. The confession had become a media sensation. Unwilling to admit their misconduct, the detectives conspired with Emanuel Green and Stacey Green to create a false narrative that would reinforce the false confession they had coerced from Mr. Burton. Stacey Green agreed with detectives to convince her husband to claim Mr. Burton had given him his mother's car in return for helping him disguise his mother's murder. In return, the detectives agreed not to implicate

Stacey Green in the murder or charge her for having previously lied to them. The unlawful agreement secured Huwe Burton's false conviction.

## BASIS FOR ENTERING DEFAULT JUDGMENT

5.  Defendant Stacey Blocker a/k/a Stacey Green is not an infant, an incompetent person, or in the military.

6.  Defendant Stacey Blocker a/k/a Stacey Green has failed to "plead or otherwise defend" this action, within the meaning of Fed. R. Civ. P. 55(a).

7.  This Court has subject matter jurisdiction by 28 §§ U.S.C. 1331 and 1343(a)(3) as the action seeks redress for the violations of Plaintiff's constitutional and civil rights, and supplemental jurisdiction by 28 U.S.C. § 1367(a) over any and all state law claims that are so related to the federal claims that they form part of the same case or controversy.

8.  Plaintiff Huwe Burton commenced this action by filing his Complaint on October 28, 2020. (Dkt. No. 1, annexed hereto as Exhibit 1) against The CITY OF NEW YORK; New York City Police Department ("NYPD") Detective Sergeant FRANK VIGGIANO (Shield No. 2877); NYPD Detective STANLEY SCHIFFMAN (Shield No. 3722); NYPD Detective SEVELIE JONES (Shield No, 1808); NYPD Detective DONALD SCHAPPERT (Shield No. 2841); Detective EUGENE MALONEY (Shield No. 1063); Detective BADE; Bronx County Assistant District Attorney ELISA KOENDERMAN in their individual and official capacities; and STACEY BLOCKER a/k/a STACEY GREEN, alleging violations of his rights protected by the Constitution of the United States through the Civil Rights Act of 1871, as amended, codified as 42 U.S.C. § 1983, and the laws of the State of New York.

9.  Plaintiff filed his First Amended Complaint ("FAC") on November 2, 2020. (Dkt. No. 9, annexed hereto as Exhibit 2)

10. On December 4, 2020, Plaintiff filed an affidavit reflecting timely service upon Defendant Stacey Blocker a/k/a Stacey Green. (Dkt. No. 34, annexed hereto as Exhibit 3).

11. Defendant Stacey Blocker a/k/a Stacey Green's answer was due on January 25, 2021.

12. Plaintiff mailed additional correspondence to Defendant Stacey Blocker a/k/a Stacey Green on January 13, 2021 advising her of conferences in this matter scheduled for March 9, 2021 and reminding her of the answer deadline. (Annexed hereto as Exhibit 4).

13. Plaintiff mailed additional correspondence to Defendant Stacey Blocker a/k/a Stacey Green on February 3, 2021 advising her that she was in default for failing to respond to Plaintiff's complaint and that Plaintiff anticipated moving for default judgment should she not respond to the Complaint by March 1, 2021. (Annexed hereto as Exhibit 5).

14. Enclosed in Plaintiff's February 3, 2021 correspondence was the full docket of the case through February 3, 2021.

15. On October 1, 2021, the Court So Ordered a Stipulation of Discontinuance with Prejudice as to the Individual City Defendants. (Dkt. No. 75, annexed hereto as Exhibit 6).

16. On October 1, 2021, the Court So Ordered a Stipulation and Order of Dismissal as to the Defendant City of New York. (Dkt. No 76, annexed hereto as Exhibit 7).

17. Defendant Stacey Blocker a/k/a Stacey Green is now the sole Defendant in this action.

18. On October 27, 2021, Ruby Krajick, the Clerk of the Court for the Southern District of New York, issued a Certificate of Default. (Dkt. No. 80 annexed hereto as Exhibit 8).

## LEGAL BASIS FOR A FINDING OF LIABILITY

19. "[T]he decision to grant a motion for a default judgment lies in the sound discretion of the trial court." *O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (citing *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)).

20. In deciding a motion for default judgment the Court "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in [his] favor," *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)), and must "determine whether [a plaintiff's] allegations establish [a defendant's] liability as a matter of law." *Finkel*, 577 F.3d at 84. "[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability . . . ." *XL Specialty Ins. Co. v. Lakian*, 243 F. Supp. 3d 434, 442 (S.D.N.Y. 2017) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)

21. Plaintiff alleges that Defendant Stacey Blocker a/k/a Stacey Green conspired with other of the Defendants in this action to violate Plaintiff's rights. *See* Exhibit 2 at ¶¶ 190-194.

22. In a 42 U.S.C. § 1983 conspiracy claim, the Plaintiff must allege "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. County of Nassau*, 292 F.3d 307 (2d Cir. 2002). To establish a conspiracy, a plaintiff must provide evidence which one could reasonably infer that the accused parties had a "meeting of the minds." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970). "A plaintiff is not required to list the place and date of defendants' meetings and the summary of their conversations when he pleads conspiracy, . . . but the pleadings must present facts tending to show agreement and concerted action." *Fisk v. Letterman*, 401 F. Supp. 2d 362, 376 (S.D.N.Y.

5

2005) (report and recommendation), *rej'd in part on other grounds*, *Fisk v. Letterman*, 401 F. Supp. 2d 362 (S.D.N.Y. 2005) (citations and quotations omitted). The Second Circuit has recognized that "'conspiracies are by their very nature secretive operations,' and may have to be proven by circumstantial . . . evidence." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999) (quoting *Rounseville v. Zahl*, 13 F.3d 625, 632 (2d Cir. 1994)).

23.     Here, Plaintiff alleges that on or about January 12, 1989 at the Mount Vernon Police Department station, following Plaintiff's grand jury indictment and following the arrest of Emanuel Green who was found in possession of Plaintiff's deceased mother's stolen car, Defendant Stacey Blocker a/k/a Stacey Green met with and agreed with Emanuel Green and other of the Defendants to "cooperate with the detectives by adopting a false narrative" implicating Plaintiff in the crime for which he was innocent. *See* Exhibit 2 at ¶¶ 95-111. Defendant Stacey Blocker a/k/a Stacey Green committed the overt act of signing, agreeing to, and providing "false statements to save the case detectives had falsely built against Huwe and prevent disclosure of their misconduct in coercing Huwe's false 'confession,'" in exchange for "favorable treatment and leniency." *Id*. at ¶ 109. Thus, Plaintiff's allegations establish Defendant Stacey Blocker a/k/a Stacey Green's liability for conspiracy as a matter of law.

### A FINDING OF DEFAULT JUDGMENT AGAINST STACEY BLOCKER WILL RESOLVE THE ACTION

24.     Default judgment is appropriate as to liability against Defendant Stacey Blocker a/k/a Stacey Green individually. *See Friedman v. Lawrence*, No. 90-cv-5584 (VLB), 1991 U.S. Dist. LEXIS 13959, at *10 (S.D.N.Y. Oct. 2, 1991) (discussing default judgment against fewer than all defendants and awarding default judgment as to liability but awaiting outcome of remaining claims against remaining defendants to determine damages.). As all other Defendants in this action have settled, the Court may properly reach the issue of damages to determine the

amount for which Defendant Stacey Blocker a/k/a Stacey Green is responsible. Indeed, this matter will be resolved in its entirety by the Court's decision.

25. Accordingly, Plaintiff requests that an Inquest as to damages be held to determine the apportionment of damages as against Defendant Stacey Blocker a/k/a Stacey Green individually.

## PROPOSED DAMAGES

26. In part because of Defendant Stacey Blocker a/k/a Stacey Green's actions, Huwe Burton spent approximately nineteen years, ten months, and ten days in prison and jail as a result of being wrongfully arrested for and convicted of the murder of his own mother—a crime which he did not commit.

27. The injuries and damages sustained by Plaintiff arising from his unjust conviction and imprisonment include but are not limited to the following: loss of freedom; pain and suffering; physical injuries, including injuries from physical altercations with guards and other inmates; severe mental anguish; emotional distress; loss of family relationships; severe psychological damage; loss of property; legal expenses; loss of income; humiliation, indignities, and embarrassment; degradation; permanent loss of natural psychological development; and restrictions on all forms of personal freedom including but not limited to diet, sleep, personal contact, educational opportunity, vocational opportunity, athletic opportunity, personal fulfillment, sexual activity, family relations, social activities, travel, enjoyment, and expression. As a direct result of his unjust conviction and imprisonment, many of the effects of these injuries continue to this day and will continue into the future.

28. Huwe Burton can never regain the nearly twenty years of his life during which he was wrongfully incarcerated and the over eight years spent on parole.

29. While Plaintiff has settled his claims against the City of New York and the Individual City Defendants, he has not done so with Defendant Stacey Blocker a/k/a Stacey Green, and damages as result of her conduct should be assessed separate and apart from the settlement with the City and City Defendants.

30. Annexed hereto as Exhibit 9 is the expert report of Nora Ostrofe, MBA CEA CVA (herein after the "Ostrofe Report"). The Ostrofe Report finds Plaintiff's total lost economic earnings and prejudgment interests had he not been convicted of the crime for which he was innocent as $1,668,282. (*See* Ostrofe Report at 6, Table 2; *see also* Huwe Burton's 50-H Hearing Transcript at 245:7-246:8, annexed hereto as Exhibit 10; *see also* Declaration of Huwe Burton, annexed hereto as Exhibit 11).

31. Recent jury awards in wrongful conviction cases fully support the demand made herein. In *White v. McKinley*, Claim No. 4:05-CV-00203 (W.D. Mo. 2008), the plaintiff was awarded $16,000,000 by a jury for 5½ years of wrongful conviction. In *Dominguez v. Hendley*, 545 F.3d 585 (7th Cir. 2008), a jury awarded the plaintiff $9,063,000 for four years of incarceration. In Johnson v. Guevara and City of Chicago, Claim No. 05 C 1042 (N.D. Ill. 2007), the plaintiff was awarded $21,000,000 by a jury for 12 years of wrongful incarceration. In *Sansfield v. City of Marlborough*, 1:03-cv-10319 (D. Mass 2006), the plaintiff was awarded $13,655,940 in a bench trial for 9½ years of wrongful incarceration. Finally, in *Limone v. United States*, 497 F. Supp. 2d 143, 243-45 (D. Mass. 2007), the four plaintiffs, who were either leaders or members of organized crime, were awarded $96,000,000 in a bench trial for 26, 13, 28 and 29 years of wrongful incarceration. In the past few years, New York jury verdicts have reached and exceeded this standard. In the wrongful conviction case of John Restivo and Dennis Halstead, tried in the E.D.N.Y., a jury returned a $36 million verdict for the two men who had each spent

18 years in jail. (*See* Associated Press, "Jury awards $36 million two NY men wrongfully convicted of murder" (April 17, 2014)). Judge Seybert later awarded Restivo's and Halstead's counsel $4.9 million in legal fees and costs, which was affirmed by the Second Circuit Court of Appeals. In 2014, a jury in White Plains awarded Jeffrey Deskovic $41.65 million for injuries suffered from 16 years of wrongful incarceration. (*See* Mark Hamblett, "Deskovic Wins Wrongful Conviction Verdict," N.Y. Law Journal (Oct. 24, 2014)).

32. Using these verdicts and settlements as a framework for discussing settlement with the City and law enforcement defendants, Plaintiff initially demanded $31,500,000, or $1,500,000 per year, to settle his claims against the City and City Defendants. Although Plaintiff maintains this was an appropriately measured demand—especially in view of the evidence of misconduct in this case, and in light of recoveries in other cases—he agreed to a compromise to avoid what was certain to be a protracted and contentious litigation and settled his claims with the City and City Defendants for $11,000,000. This compromise settlement has been executed and Plaintiff's claims against the City and City Defendants have been dismissed.

33. Defendant Stacey Blocker a/k/a Stacey Green was not a party to Plaintiff's settlement and should be apportioned a determination of damages separate and apart from Plaintiff's compromise settlement with the City and City Defendants. Plaintiff therefore maintains his demand for the remainder of his original demand, subject to an Inquest at which damages as against Defendant Stacey Blocker a/k/a Stacey Green may be determined

34. Plaintiff's counsel's attorney fees to date are approximately $499,484.10 and costs are $5,201.05. A more fulsome accounting will be necessary to determine the fees attributable to work related to Defendant Stacey Blocker a/k/a Stacey Green, including the instant motion.

35. In addition to the damages listed above, Plaintiff is entitled under 28 U.S.C. § 1961(a) to post judgment interest on "any money judgment in a civil case recovered in a district court." In addition, "[t]he post-judgment amount upon which the interest accrues includes compensatory damages." *Barrella v. Vill. of Freeport*, 43 F. Supp. 3d 136, 195 (E.D.N.Y. 2014) (citing *Koch v. Greenberg*, 14 F.Supp. 3d 247, 287 (S.D.N.Y. 2014)). Post-judgment interest is calculated from the date of the entry of judgment to the date defendant pays the judgment at a rate equal to the weekly average one year constant maturity Treasury yield, compounded annually. 28 U.S.C. § 1961(a) & (b). Plaintiff will be entitled to post-judgment interest from the date of entry should the Court grant the instant motion for default judgment.

**WHEREFORE**, based on the foregoing, and the exhibits annexed hereto, including the declaration of Mr. Burton, Plaintiff respectfully requests that default judgment be issued against Defendant Stacey Blocker a/k/a Stacey Green and that an Inquest into damages be held as soon as practicable for the Court.

Dated: February 7, 2022
      New York, New York

                                      Respectfully submitted,

                                      BELDOCK LEVINE & HOFFMAN LLP

By:_____
       Marc Arena
       99 Park Avenue, PH/26th Floor
       New York, New York 10016
       (212) 490-0400
       marena@blhny.com

       *Attorneys for Plaintiff Huwe Burton*