# BELDOCK LEVINE & HOFFMAN LLP
## 99 PARK AVENUE, PH/26TH FLOOR
### NEW YORK, N.Y. 10016

JONATHAN MOORE
DAVID B. RANKIN
LUNA DROUBI
MARC A. CANNAN
CYNTHIA ROLLINGS
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
KAREN L. DIPPOLD
MARJORY D. FIELDS
EMILY JANE GOODMAN
(JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

REF:
900000.24000
WRITER'S DIRECT DIAL:
212-277-5816
marena@blhny.com

September 14, 2022

**VIA ECF**
Hon. Robert W. Lehrburger
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Huwe Burton v. City of New York, et al.*, 20-cv-09025 (AT) (RWL)

Your Honor:

      This firm represents Plaintiff Huwe Burton in the above referenced matter. We write pursuant to the Court's August 31, 2022 Order directing that Plaintiff "shall file the requisite material to support its claim for attorney's fees, or, instead, shall file a letter stating that Plaintiff does not seek recovery of attorney's fees as against Defendant Green." Dkt. No. 109. Plaintiff states that he does not seek to recover attorney's fees as against Defendant Green in this matter.

      Plaintiff wishes to further inform the Court that, unless the Court orders otherwise, Plaintiff intends to rest on the default papers submitted to date. *See* Dkt. Nos. 87-89 and 106-107. Plaintiff respectfully submits that it is not necessary for the Court to hold an inquest hearing in this matter. In determining damages in the context of a default judgment, the Court need not hold a hearing and may rely upon, *inter alia*, affidavits and documentary evidence, "as long as it ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (quotation omitted). Here, Plaintiff has provided detailed testimony under oath regarding the damages he has suffered due to the conduct of defendants, including Defendant Green, in a 50-H hearing, *see* Dkt. No. 89-11, as well as in the Court of Claims matter, *see* Dkt. No. 107-1. Further, Plaintiff submitted an affidavit in support of his application for the entry of default judgment. *See* Dkt No. 89-11. Because Plaintiff believes that the Court should be able to establish his damages with reasonable certainty based on this evidence, as well as on the expert report of Nora Ostrofe, *see* Dkt. No. 89-9, he respectfully submits that an inquest is not necessary. Nonetheless, Plaintiff is prepared to appear before the Court should it find that an evidentiary hearing would be beneficial to its decision of this issue.

We thank the Court for its attention to this matter.

Respectfully submitted,

Marc Arena

cc: Stacey Blocker (by U.S. Mail)